IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WILLARD MAX IMAMOTO, | ) | CIVIL NO. 11-00551 ACK-RLP |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION |
| | ) | THAT PLAINTIFF'S APPLICATION TO |
| vs. | ) | PROCEED WITHOUT PREPAYMENT OF |
| | ) | FEES BE DENIED |
| | ) | |
| HELPING HANDS OF HAWAII ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES BE DENIED[1]

On September 12, 2011, *pro se* Plaintiff Willard Max Imamoto ("Plaintiff") filed a "Complaint/Pleadings, Declaration, Affidavit, Exhibits A, B, C, D, E, and F" ("Complaint") herein. Before the Court is Plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit ("Application"), which was filed on the same day.

The Court finds this matter suitable for disposition without a hearing pursuant to LR 7.2(d) of the Local Rules of Practice for the United States District Court for the District of

---

[1] Within fourteen (14) days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

Hawaii. Based on the following, and after careful consideration of Plaintiff's Application, the Complaint, and the supporting declaration, affidavit, and exhibits attached thereto, the Court HEREBY FINDS AND RECOMMENDS that Plaintiff's Application be DENIED.

## STANDARD OF REVIEW

Plaintiff requests that the Court permit him to proceed *in forma pauperis* ("IFP"). Federal courts may authorize the commencement or prosecution of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees pursuant to 28 U.S.C. § 1915(a)(1) of the Prisoner Litigation Reform Act ("PLRA"). "[A]n affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont de Nemours & Co., Inc., 335 U.S. 331, 339 (1948) (quotations omitted); see also United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981) (quotations omitted) (the affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty").

Since Plaintiff is appearing *pro se*, the court must liberally construe his pleadings. Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982)) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se

2

litigants."). Despite the liberal *pro se* pleading standard, however, the court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the dismissal of any claim it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir. 2000) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a claim); <u>Calhoun v. Stahl</u>, 254 F.3d 845, 845 (9th Cir. 2001) (holding that the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners).

Moreover, a complaint must meet the requirements of Rule 8 of the Federal Rules of Civil Procedure ("FRCP"), which mandates that a complaint include a "short and plain statement of the claim" and that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P. 8(d)(1). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to any relief as required by this rule. <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1950 (2009).

ANALYSIS

**A. Plaintiff's Complaint Fails to State a Claim, is Frivolous, and Does Not Comply With FRCP 8**

The phrase "fails to state a claim on which relief may be granted," as used in the PLRA, parallels the language of FRCP Rule 12(b)(6). Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). Under this standard, the court is required to dismiss a complaint if it "fails to contain sufficient factual matter, accepted as true to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Bell Atl. Corp v. Twombly, 550 U.S. 544, 570 (2007)); see also Weber v. Dep't of Veterans Affairs, 521 F.3d 1061, 1065 (9th Cir. 2008). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

Under the PLRA, a claim is legally frivolous when it lacks an arguable basis in either law or fact. Nietzke v. Williams, 490 U.S. 319, 325 (1989); see also Denton v. Hernandez, 504 U.S. 25, 33 (1992) ("a finding of factual frivolousness is appropriate when the facts alleged arise to the level of irrational or wholly incredible, whether or not there are judicially recognized facts available to contradict them"). Section 1915(e), which replaced Section 1915(d) in 1996, is designed largely to discourage the filing of, and waste of

resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and the threat of sanctions for vexatious claims under Rule 11 of the Federal Rules of Civil Procedure ("FRCP"). Id. at 327. "To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id.

> Examples of the former class are claims against which it is clear that the defendants are immune from suit . . . and claims of infringement of a legal interest which clearly does not exist. . . Examples of the latter class are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.

Id. (citation omitted).

Plaintiff's Complaint consists of 259 pages and is written in a disorganized and confusing manner. This lack of clarity prevents the Court from identifying any judicially cognizable claims. See Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting Gillibeau v. City of Richmond, 417 F.2d 426, 431 (9th Cir. 1969)) (holding that a complaint that is "'so verbose, confused and redundant that its true substance, if any, is well disguised'" may be dismissed for failure to satisfy Rule 8). See also McHenry v. Renne, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled a complaint but

written . . . prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."). In addition, because the claims alleged cannot be clearly identified, the Complaint is fails to state a plausible claim on which relief can be granted and is lacks an arguable basis in law or fact.[2]  See Iqbal, 129 S. Ct. at 1949; Nietzke, 490 U.S. at 325.  Therefore, Plaintiff's Application should be denied.

**B.    Leave to Amend Complaint**

The Court recognizes that leave to amend a complaint should be freely given to *pro se* litigants.  See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." ).  See also Lopez, 203 F.3d at 1130 (stating that

---

[2] Indeed, the instant lawsuit appears to be highly duplicative of actions that Plaintiff unsuccessfully pursued in both this federal court and in Hawaii state court.  This is Plaintiff's tenth action against various hospitals in this federal court since 2005.  Moreover, according to the Court's review, Plaintiff has filed nine additional actions against hospitals in state court during the same time frame.  All prior suits in both federal and state court have been dismissed. See Imamoto v. Kahi Mohala Hospital, Civ. No. 09-00440 DAE-KSC, Order Denying Plaintiff's Application to Proceed Without Prepayment of Fees and Dismissing Action With Prejudice, ECF No. 4, at 4-5 (D. Haw. Oct. 19, 2009) (dismissing action with prejudice on the basis that any amendment would be futile).

the Ninth Circuit has repeatedly held that "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."). Therefore, although the Court recommends that Plaintiff's Application be denied, the Court further recommends that Plaintiff be granted leave to submit a first amended complaint to cure the deficiencies outlined above within thirty (30) days from the date this Findings and Recommendation is acted upon.

If Plaintiff chooses to file a first amended complaint, Plaintiff must write *short, plain statements* telling the court: (1) the treaty, constitutional right, or statutory right Plaintiff believes was violated; (2) the name of the defendant who violated that right; (3) exactly what the defendant did or failed to do; (4) how the action or inaction of that defendant is connected to the violation of Plaintiff's rights; (5) what specific injury Plaintiff suffered because of that defendant's conduct; and (6) whether the basis for this court's jurisdiction is either federal question or diversity. See Ketchmark v. United States, Civil No. 09-00540 JMS/BMK, 2009 WL 4797475, at *6 (D. Haw. Dec. 11, 2009) (citing Rizzo v. Goode, 423 U.S. 362, 371-72 (1976)). *Plaintiff must repeat this process for each person or entity that he names as a defendant*. If Plaintiff fails to affirmatively link the conduct of each named defendant with the

specific injury he suffered, the allegation against that defendant will be dismissed for failure to state a claim.

Plaintiff is further notified that an amended complaint supersedes the original Complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the court will treat the original Complaint as nonexistent. Id. As a result, any defendant not named in an amended complaint is no longer a defendant. Id. Further, any cause of action that was raised in the original Complaint is waived if it is not raised in an amended complaint. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

## CONCLUSION

In accordance with the foregoing, the Court HEREBY FINDS AND RECOMMENDS that Plaintiff's Application to Proceed Without Prepayment of Fees, filed September 12, 2011, be DENIED. The Court further FINDS AND RECOMMENDS that Plaintiff should be given LEAVE TO AMEND his Complaint to cure the deficiencies of the Complaint within thirty (30) days from the date this Findings and Recommendation is acted upon. The Court cautions Plaintiff that failure to amend the Complaint within the time frame specified above will result in the automatic dismissal of this action.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, SEPTEMBER 16, 2011



_____
Richard L. Puglisi
United States Magistrate Judge

<u>IMAMOTO V. HELPING HANDS OF HAWAII ET AL.</u>; CIVIL NO. 11-00551 ACK-RLP; FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES BE DENIED