IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WILLARD MAX IMAMOTO, | ) | CIVIL NO. 11-00551 ACK-RLP |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| HELPING HANDS OF HAWAII, ET AL, | ) ) | |
| | ) | |
| Defendant(s). | ) | |

**ORDER ADOPTING MAGISTRATE JUDGE'S
FINDINGS AND RECOMMENDATION AND DENYING PLAINTIFF'S MOTION TO
REQUEST REASSIGNMENT OF CASE**

**BACKGROUND**

On September 12, 2011, Plaintiff Willard Max Imamoto ("Plaintiff"), appearing pro se, filed a complaint and an application to proceed without prepayment of fees. Doc. Nos. 1, 4.

On September 16, 2011, Magistrate Judge Puglisi issued a "Findings and Recommendation that Plaintiff's Application to Proceed without Prepayment of Fees Be Denied" ("F&R"). Doc. No. 6. In the F&R, Judge Puglisi recognized that this Court must subject Plaintiff's action, which was commenced under 18 U.S.C. § 1915, to mandatory screening and order the dismissal of any claim that it determines is frivolous, malicious, or fails to state a claim upon which relief may be granted. Doc. No. 6, 3; see 28 U.S.C. § 1915(e)(2)(B). Magistrate Judge Puglisi found that Plaintiff's Complaint fails to state a claim on which relief

may be granted, is frivolous, and does not comply with Federal Rule of Civil Procedure 8.  Doc. No. 6, 3-6.  Specifically, Magistrate Judge Puglisi found that Plaintiff's complaint, which contains 259 pages and 5 exhibits, "is written in a disorganized and confusing manner," and that the "lack of clarity prevents the Court from identifying any judicially cognizable claims."  Id. at 5.  Magistrate Judge Puglisi recommended denying Plaintiff's application to proceed without prepayment of fees and recommended that Plaintiff be given thirty days from the date of the F&R to submit a first amended complaint.  Id. at 7-8.

On September 30, 2011, Plaintiff filed a first amended complaint, an application to proceed without prepayment of fees, and a "Non Hearing Motion Request Pursuant [sic] 28 U.S.C. 636(c)(2) Of Reassignment To United States District Judge" ("Plaintiff's Motion to Request Reassignment of Case").[1]  Doc. Nos. 7-9.  This Court construes Plaintiff's motion as objecting to the F&R, inter alia, because of Magistrate Judge Puglisi's alleged bias.  See Doc. No. 9.  Plaintiff's assertion of bias is based on the statement in a footnote of the F&R that "the instant lawsuit appears to be highly duplicative of actions that Plaintiff unsuccessfully pursued in both this federal court and in Hawaii state court."  See Doc. No. 6, 6 n.2.

---

[1] This Order does not affect Plaintiff's first amended complaint or second application to proceed without prepayment of fees.  See Doc. Nos. 7-8.

**STANDARD OF REVIEW**

Pursuant to Local Rule 74.1, any party may appeal from a magistrate judge's order determining a non-dispositive pretrial matter or, if a reconsideration order has issued, the magistrate judge's reconsideration order on such a matter. The district judge shall consider the appeal and shall set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law. See D. Haw. Local Rule 74.1; see also 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The district judge may also reconsider sua sponte any matter determined by a magistrate judge. See D. Haw. Local Rule 74.1. "The clearly erroneous standard applies to the magistrate judge's factual findings while the contrary to law standard applies to the magistrate judge's legal conclusions, which are reviewed de novo." Columbia Pictures, Inc. v. Bunnell, 245 F.R.D. 443, 446 (C.D. Cal. 2007). Under the "clearly erroneous" standard, the magistrate judge's ruling must be accepted unless, after reviewing the entire record, this Court is "left with the definite and firm conviction that a mistake has been committed." United States v. Silverman, 861 F.2d 571, 576-77 (9th Cir. 1988) (internal quotations omitted). The district judge may not simply substitute his or her judgment for that of the magistrate judge. See Grimes v. City & Cnty. of San Francisco, 951 F.2d 236, 241 (9th Cir. 1991). "A decision is contrary to law if it applies an incorrect legal

standard or fails to consider an element of the applicable standard." Na Pali Haweo Cmty. Ass'n v. Grande, 252 F.R.D. 672, 674 (D. Haw. 2008) (internal quotations omitted).

## **DISCUSSION**

Plaintiff objects to the F&R based on Magistrate Judge Puglisi's alleged bias and seeks reassignment of his case. Plaintiff cites 28 U.S.C. § 636(c)(2) in his motion as authority for "reassignment." Pursuant to § 636(c)(1), parties may consent to have a magistrate judge conduct "any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case." Under § 636(c)(2), if a magistrate judge is designated to exercise civil jurisdiction under § 636(c)(1), the parties may withhold consent without adverse substantive consequences. This case is already assigned to the undersigned judge, who has referred certain pretrial matters to Magistrate Judge Puglisi pursuant to § 636(b). Magistrate Judge Puglisi is not exercising jurisdiction over this case pursuant to § 636(c)(1), and thus § 636(c)(2) is inapplicable.

To the extent Plaintiff seeks to disqualify Magistrate Judge Puglisi based on an alleged bias, Plaintiff's argument is inadequate. Pursuant to 28 U.S.C. §§ 144 and 455, a judge must recuse himself in any proceeding in which the judge's impartiality might reasonably be questioned. In considering a disqualification motion, the Court applies an objective test:

4

"whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Clemens v. U.S. Dist. Court for the Cent. Dist. of Cal., 428 F.3d 1175, 1178 (9th Cir. 2005) (per curiam) (internal quotations omitted).

"'[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion,'" and "'opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings . . . do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.'" Pesnell v. Arsenault, 543 F.3d 1038, 1044 (9th Cir. 2008) (quoting Liteky v. United States, 510 U.S. 540, 555 (1994). Instead, "the alleged bias must usually stem from an extrajudicial source." Id. at 1043-44.

Plaintiff has not pointed to an extrajudicial source of bias; rather, his allegation is based on the statement in a footnote of the F&R that Plaintiff's suit "appears to be highly duplicative" of other actions that Plaintiff has unsuccessfully pursued. See Doc. No. 9, 4; Doc. No. 6, 6 n.2. Plaintiff brought some of his prior actions to the Court's attention in his complaint. Doc. No. 1, 12-13. Magistrate Judge Puglisi's statement in no way displays "a deep-seated favoritism or antagonism that would make fair judgment impossible," and a

5

reasonable person would not question his impartiality. Consequently, Plaintiff's assertion of bias is insufficient. See Pesnell, 543 F.3d at 1044.

This Court agrees with the F&R that Plaintiff's complaint filed on September 12, 2011, fails to state a claim on which relief may be granted, is frivolous, and does not comply with Federal Rule of Civil Procedure 8 for the reasons stated therein. It is therefore proper to deny Plaintiff's first application to proceed without prepayment of fees and allow him to file an amended complaint. See 28 U.S.C. § 1915(e)(2)(B); Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987).

## CONCLUSION

For the foregoing reasons, the Court adopts Magistrate Judge Puglisi's F&R as the opinion and order of this court and denies Plaintiff's Motion to Request Reassignment of Case.

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, October 14, 2011.

_____
Alan C. Kay
Sr. United States District Judge

<u>Imamoto v. Helping Hands of Hawaii, et al.</u>, Civ. No. 11-00551 ACK-RLP: Order Adopting Magistrate Judge's Findings and Recommendation and Denying Plaintiff's Motion to Request Reassignment of Case.