IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| WILLARD MAX IMAMOTO, | ) CIVIL NO. 11-00551 ACK-RLP |
|---|---|
| Plaintiff, | ) FINDINGS AND RECOMMENDATION ) THAT (1) PLAINTIFF'S SECOND |
| vs. | ) APPLICATION TO PROCEED WITHOUT ) PREPAYMENT OF FEES BE DENIED ) AND (2) THE ACTION BE DISMISSED |
| HELPING HANDS OF HAWAII ET AL., | ) WITH PREJUDICE ) ) |
| Defendants. | ) ) |

FINDINGS AND RECOMMENDATION THAT (1) PLAINTIFF'S SECOND APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES BE DENIED AND (2) THE ACTION BE DISMISSED WITH PREJUDICE[1]

On September 12, 2011, *pro se* Plaintiff Willard Max Imamoto ("Plaintiff") filed a "Complaint/Pleadings, Declaration, Affidavit, Exhibits A, B, C, D, E, and F" ("Complaint") and Application to Proceed Without Prepayment of Fees and Affidavit ("First Application"). See ECF Nos. 1, 4.

On September 16, 2011, the undersigned Magistrate Judge issued a Findings and Recommendation that Plaintiff's Application to Proceed Without Prepayment of Fees be Denied ("F&R"). See ECF No. 6. The undersigned Magistrate Judge found that Plaintiff's

---

[1] Within fourteen (14) days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

Complaint fails to state a claim on which relief can be granted, is frivolous, and does not comply with Rule 8 of the Federal Rules of Civil Procedure ("FRCP").  See id. at 3-6.  Specifically, the undersigned Magistrate Judge found that Plaintiff's Complaint, which consisted of 259 pages and five exhibits, "is written in a disorganized and confusing manner," and that the "lack of clarity prevents the Court from identifying any judicially cognizable claims."  Id. at 5.  The undersigned Magistrate Judge therefore recommended denying Plaintiff's First Application and further recommended that, in light of Plaintiff's *pro se* status, Plaintiff should be given thirty days from the date the F&R is acted upon to amend his deficient Complaint.  See id. at 8.

On September 30, 2011, Plaintiff filed a First Amended Complaint ("Amended Complaint"), another Application to Proceed Without Prepayment of Fees ("Second Application"), and a "Non Hearing Motion Request Pursuant [sic] 28 U.S.C. 636(c)(2) Of Reassignment To United States District Judge" ("Reassignment Motion").  See ECF Nos. 7-9.

On October 14, 2011, United States District Judge Alan C. Kay issued an Order Adopting Magistrate Judge's Findings and Recommendation and Denying Plaintiff's Motion to Request Reassignment of Case ("Order").  See ECF No. 10.  In the Order, Judge Kay agreed with the F&R that Plaintiff's Complaint, filed on September 12, 2011, fails to state a claim on which relief can

be granted, is frivolous, and does not comply with FRCP 8.  See
id. at 6.  Judge Kay also found that Plaintiff's assertion of
bias on the part of the undersigned Magistrate Judge is
insufficient.  See id. at 4-6.  As a result, Judge Kay concluded
that it was proper to deny Plaintiff's First Application and to
allow him to amend his Complaint.  See id. at 6.

Before the Court is Plaintiff's Second Application,
which is based on his Amended Complaint, filed on September 30,
2011.  The Court finds this matter suitable for disposition
without a hearing pursuant to LR 7.2(d) of the Local Rules of
Practice for the United States District Court for the District of
Hawaii.  Based on the following, and after careful consideration
of Plaintiff's Second Application, Amended Complaint, the
supporting declaration, affidavit, and exhibits attached thereto,
and the record established in this action, the Court HEREBY FINDS
AND RECOMMENDS that Plaintiff's Second Application be DENIED and
this action be DISMISSED with prejudice.

## STANDARD OF REVIEW

Plaintiff requests that the Court permit him to proceed
*in forma pauperis* ("IFP").  As stated in the F&R, federal courts
may authorize the commencement or prosecution of any suit without
prepayment of fees by a person who submits an affidavit that the
person is unable to pay such fees pursuant to 28 U.S.C. §
1915(a)(1) of the Prisoner Litigation Reform Act ("PLRA").  "[A]n
affidavit is sufficient which states that one cannot because of

his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont de Nemours & Co., Inc., 335 U.S. 331, 339 (1948) (quotations omitted); see also United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981) (quotations omitted) (the affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty").

Since Plaintiff is appearing *pro se*, the court must liberally construe his pleadings. Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982)) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants."). Despite the liberal *pro se* pleading standard, however, the court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the dismissal of any claim it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a claim); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (holding that the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners).

4

Moreover, a complaint must meet the requirements of Rule 8 of the Federal Rules of Civil Procedure ("FRCP"), which mandates that a complaint include a "short and plain statement of the claim" and that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P. 8(d)(1). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to any relief as required by this rule. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

## ANALYSIS

**A. Plaintiff's Complaint Fails to State a Claim, is Frivolous, and Does Not Comply With FRCP 8**

Again, as explained in the F&R, the phrase "fails to state a claim on which relief may be granted," as used in the PLRA, parallels the language of FRCP Rule 12(b)(6). Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). Under this standard, the court is required to dismiss a complaint if it "fails to contain sufficient factual matter, accepted as true to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Bell Atl. Corp v. Twombly, 550 U.S. 544, 570 (2007)); see also Weber v. Dep't of Veterans Affairs, 521 F.3d 1061, 1065 (9th Cir. 2008). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 555). Rather, "[a] claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

Under the PLRA, a claim is legally frivolous when it lacks an arguable basis in either law or fact. Nietzke v. Williams, 490 U.S. 319, 325 (1989); see also Denton v. Hernandez, 504 U.S. 25, 33 (1992) ("a finding of factual frivolousness is appropriate when the facts alleged arise to the level of irrational or wholly incredible, whether or not there are judicially recognized facts available to contradict them"). Section 1915(e), which replaced Section 1915(d) in 1996, is designed largely to discourage the filing of, and waste of resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and the threat of sanctions for vexatious claims under Rule 11 of the Federal Rules of Civil Procedure ("FRCP"). Id. at 327. "To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id.

> Examples of the former class are claims against which it is clear that the defendants are immune from suit . . . and claims of infringement of a legal interest which clearly does not exist. . . Examples of the latter

>           class are claims describing fantastic or
>           delusional scenarios, claims with which
>           federal district judges are all too familiar.

Id. (citation omitted).

Although shorter than his original Complaint, Plaintiff's Amended Complaint still consists of 74 pages, several exhibits, and is written in a disorganized and confusing manner. This lack of clarity again prevents the Court from identifying any judicially cognizable claims. See Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting Gillibeau v. City of Richmond, 417 F.2d 426, 431 (9th Cir. 1969)) (holding that a complaint that is "'so verbose, confused and redundant that its true substance, if any, is well disguised'" may be dismissed for failure to satisfy Rule 8). See also McHenry v. Renne, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled a complaint but written . . . prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."). In addition, because the claims alleged cannot be clearly identified, the Amended Complaint fails to state a plausible claim on which relief can be granted and is lacks an arguable basis in law or fact. See Iqbal, 129 S. Ct. at 1949; Nietzke, 490 U.S. at 325. Therefore, Plaintiff's Second Application should be denied.

**B.   Leave to Amend Should Not Be Granted**

The Court recognizes that leave to amend a complaint should be freely given to *pro se* litigants. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). See also Lopez, 203 F.3d at 1130 (stating that the Ninth Circuit has repeatedly held that "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.").

However, in its F&R, the Court cautioned Plaintiff that if he chooses to file a first amended complaint, "Plaintiff must write *short, plain statements* telling the court: (1) the treaty, constitutional right, or statutory right Plaintiff believes was violated; (2) the name of the defendant who violated that right; (3) exactly what the defendant did or failed to do; (4) how the action or inaction of that defendant is connected to the violation of Plaintiff's rights; (5) what specific injury Plaintiff suffered because of that defendant's conduct; and (6) whether the basis for this court's jurisdiction is either federal question or diversity." See ECF No. 6 at 7 (citing Ketchmark v. United States, Civil No. 09-00540 JMS/BMK, 2009 WL 4797475, at *6 (D. Haw. Dec. 11, 2009)) (italics in original). The Court

8

further stated that "*Plaintiff must repeat this process for each person or entity that he names as a defendant*." Id. (italics in original). Finally, the Court advised Plaintiff that if he fails to affirmatively link the conduct of each named defendant with the specific injury he suffered, the allegation against that defendant will be dismissed for failure to state a claim. See id. at 7-8.

Despite the Court's instructions, Plaintiff failed to write *short, plain statements* linking the alleged wrongful conduct of each named defendant with the specific injury Plaintiff suffered. Given Plaintiff's failure to correct the deficiencies of his Complaint in his Amended Complaint, and because of the Amended Complaint's close similarity to Plaintiff's numerous prior meritless claims, see ECF No. 6 at 6 n.2, the Court concludes that further amendments should not be permitted here. See Imamoto v. Kahi Mohala Hospital, Civ. No. 09-00440 DAE-KSC, Order Denying Plaintiff's Application to Proceed Without Prepayment of Fees and Dismissing Action With Prejudice, ECF No. 4, at 4-5 (D. Haw. Oct. 19, 2009) (dismissing action with prejudice on the basis that any amendment would be futile).

## CONCLUSION

In accordance with the foregoing, the Court HEREBY FINDS AND RECOMMENDS that Plaintiff's Application to Proceed

Without Prepayment of Fees, filed on September 30, 2011, be DENIED and this action be DISMISSED with prejudice.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, OCTOBER 24, 2011



Richard L. Puglisi
United States Magistrate Judge

IMAMOTO V. HELPING HANDS OF HAWAII ET AL.; CIVIL NO. 11-00551 ACK-RLP; FINDINGS AND RECOMMENDATION THAT (1) PLAINTIFF'S SECOND APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES BE DENIED AND (2) THE ACTION BE DISMISSED WITH PREJUDICE