IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WILLARD MAX IMAMOTO, | ) | CIVIL NO. 11-00551 ACK-RLP |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| HELPING HANDS OF HAWAII, ET AL, | ) ) | |
| | ) | |
| Defendant(s). | ) | |

_____

### ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION THAT (1) PLAINTIFF'S SECOND APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES BE DENIED AND (2) THE ACTION BE DISMISSED WITH PREJUDICE

### BACKGROUND

On September 12, 2011, Plaintiff Willard Max Imamoto ("Plaintiff"), appearing pro se, filed a complaint ("Complaint") and an application to proceed without prepayment of fees. Doc. Nos. 1, 4.

On September 16, 2011, Magistrate Judge Puglisi issued a "Findings and Recommendation that Plaintiff's Application to Proceed without Prepayment of Fees Be Denied" ("First F&R"). Doc. No. 6.  In the F&R, Judge Puglisi recognized that this Court must subject Plaintiff's action, which was commenced under 18 U.S.C. § 1915, to mandatory screening and order the dismissal of any claim that it determines is frivolous, malicious, or fails to state a claim upon which relief may be granted.  Id.; see 28 U.S.C. § 1915(e)(2)(B).  Magistrate Judge Puglisi found that the Complaint failed to state a claim on which relief may be granted, was frivolous, and did not comply with Federal Rule of Civil Procedure 8.  Doc. No. 6 at 3-6.  Specifically, Magistrate Judge

Puglisi found that the Complaint, which contained 259 pages and 5 exhibits, "is written in a disorganized and confusing manner," and that the "lack of clarity prevents the Court from identifying any judicially cognizable claims." Id. at 5.

On September 30, 2011, Plaintiff filed a first amended complaint ("Amended Complaint"), a second application to proceed without prepayment of fees ("Second Application"), and a "Non Hearing Motion Request Pursuant [sic] 28 U.S.C. 636(c)(2) Of Reassignment To United States District Judge" ("Reassignment Motion").

On October 14, 2011, the Court adopted Magistrate Judge Puglisi's First F&R as the opinion and order of this Court and denied Plaintiff's Reassignment Motion.  Doc. No. 10.  The order did not affect Plaintiff's Amended Complaint or Second Application.  See Doc. No. 10 at 2 n.1.

On October 24, 2011, Magistrate Judge Puglisi issued a findings and recommendation that (1) Plaintiff's second application to proceed without prepayment of fees be denied and (2) the action be dismissed with prejudice ("Second F&R").  Doc. No. 11.  Magistrate Judge Puglisi found that: "Although shorter than his original Complaint, Plaintiff's Amended Complaint still consists of 74 pages, several exhibits, and is written in a disorganized and confusing manner.  This lack of clarity again prevents the Court from identifying any judicially cognizable claims."  Doc. No. 11 at 7.  Magistrate Judge Puglisi recognized that leave to amend should be freely given to pro se litigants.

Magistrate Judge Puglisi determined, however, that because Plaintiff failed to correct the deficiencies of the Complaint identified in the First F&R, and the Amended Complaint was closely similar to Plaintiff's numerous prior meritless claims, Plaintiff should not be permitted to further amend his Complaint. Id. at 9.

On November 11, 2011, Plaintiff filed an "Objection to Dismissal of First Amended Complaint with Prejudice and Denial to Proceed In Forma Pauperis, and Plaintiff Request for Leave to Appeal/Final Judgment" ("Objection"). Doc. No. 13.

## STANDARD OF REVIEW

A district court reviews de novo those portions of a magistrate judge's findings and recommendation to which an objection is made and may accept, reject, or modify, in whole or in part, the findings and recommendation made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); D. Haw. Local Rule 74.2. The district court may accept those portions of the findings and recommendation that are not objected to if it is satisfied that there is no clear error on the face of the record. Stow v. Murashige, 288 F. Supp. 2d 1122, 1127 (D. Haw. 2003). The district court may receive further evidence or recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1). It may also consider the record developed before the magistrate judge. D. Haw. Local Rule 74.2. The district court must arrive at its own independent conclusions about those

portions of the magistrate judge's report to which objections are made, but a de novo hearing is not required. <u>United States v. Remsing</u>, 874 F.2d 614, 618 (9th Cir. 1989).

The Court finds that a hearing in this matter is neither necessary nor appropriate. <u>See</u> D. Haw. Local Rule 7.2(d).

## **DISCUSSION**

Plaintiff does not make clear arguments in his Objection. After reviewing the record, including the Amended Complaint and Plaintiff's Objection, the Court agrees with the Second F&R. Plaintiff's Amended Complaint, consisting of seventy-four pages and seven exhibits, is disorganized and incoherent. Consequently, the Amended Complaint fails to state a claim upon which relief may be granted, is frivolous, and fails to comply with Federal Rule of Civil Procedure 8.

In the First F&R, Magistrate Judge Puglisi instructed:

> If Plaintiff chooses to file a first amended complaint, Plaintiff must write <u>short, plain statements</u> telling the court: (1) the treaty, constitutional right, or statutory right Plaintiff believes was violated; (2) the name of the defendant who violated that right; (3) exactly what the defendant did or failed to do; (4) how the action or inaction of that defendant is connected to the violation of Plaintiff's rights; (5) what specific injury Plaintiff suffered because of that defendant's conduct; and (6) whether the basis for this court's jurisdiction is either federal question or diversity. <u>Plaintiff must repeat this process for each person or entity that he names as a defendant</u>.

Doc. No. 6 at 7 (internal citations omitted). Magistrate Judge Puglisi then informed Plaintiff that if he failed "to affirmatively link the conduct of each named defendant with the specific injury he suffered, the allegation against the defendant will be dismissed for failure to state a claim." Id. at 7-8.

As Plaintiff has been instructed on the Complaint's deficiencies, and failed to even partially correct such deficiencies after being given an opportunity to do so, further amendment is futile. Plaintiff was specifically warned that a failure to comply with Magistrate Judge Puglisi's instructions would result in dismissal of Plaintiff's claims. The Court therefore agrees with the Second F&R that dismissal of Plaintiff's Amended Complaint with prejudice is appropriate. See Neal v. Ekstrom, 55 Fed. App'x 865, 865 (9th Cir. 2003) ("[Plaintiff] failed to provide a short, clear, and concise statement of his claims, even after instructions from the district court. Accordingly, the district court did not abuse its discretion by dismissing [Plaintiff's] amended complaint with prejudice."); McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal with prejudice of an amended complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant" and thus violated Rule 8).

## CONCLUSION

For the foregoing reasons, the Court adopts Magistrate Judge Puglisi's Second F&R as the opinion and order of this Court and denies Plaintiff's Objection.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 30, 2011.



<pre>
                         _____
                         Alan C. Kay
                         Sr. United States District Judge
</pre>

Imamoto v. Helping Hands of Hawaii, et al., Civ. No. 11-00551 ACK-RLP: Order Adopting Magistrate Judge's Findings and Recommendation that (1) Plaintiff's Second Application to Proceed without Prepayment of Fees be Denied and (2) the Action be Dismissed with Prejudice.